UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

BRIAN DEAN SULLIVAN,

        Plaintiff,                        Case No. 2:08-cv-186

v.                                         Honorable Robert Holmes Bell

CORRECTIONAL MEDICAL
SERVICES, INC. et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

  I.  Factual allegations

  Plaintiff is presently incarcerated at Ojibway Correctional Facility, but complains of events that occurred while he was housed at Marquette Branch Prison (MBP). He alleges that on February 8, 2007, he injured a finger on his right hand while playing floor hockey at MBP. His hand was x-rayed, and he was referred to the MBP medical service provider. After an evaluation by MBP health services, the doctor requested that Plaintiff be referred for an orthopedic evaluation. The request was approved by Correctional Medical Services, Inc. (CMS) on April 11, 2007. On May 15, 2007, Plaintiff was evaluated by an orthopedic surgeon. The orthopedic surgeon ordered a reverse knuckle splint, which Plaintiff wore for approximately 30 days. On June 19, 2007, the orthopedic surgeon again examined Plaintiff, and recommended corrective surgery to repair Plaintiff's severe tendon damage.

  CMS denied the recommended surgery because, in the opinion of Dr. Rocco DeMasi, it was not medically necessary as Plaintiff's activities of daily living were not limited by the condition. Plaintiff was also evaluated by medical service provider Penny Rogers, who also concluded that surgery was not medically necessary. Plaintiff sent a letter to Dr. George Pramstaller requesting that he intervene on Plaintiff's behalf, but he received no response. Plaintiff states that the injury to his right hand is painful and does interfere with his daily activities.

  Plaintiff brings this suit against CMS, Dr. Rocco DeMasi, Penny Rogers, Unnamed Hiawatha Correctional Facility Health Service Official, Jeannie Stephenson, Dr. George Pramstaller, Unnamed BHCS Official, and Jim Armstrong. For relief, he seeks money damages and an order directing Defendants to provide him with surgery on his finger.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.  Corrections Medical Services, Inc.

Plaintiff brings this action against CMS because it employs some of the individual Defendants. A private entity that contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting "under color of state law." *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993), citing *West v. Atkins,* 487 at 54. Although CMS is likely a state actor and a proper party to a § 1983 action, a corporation cannot be held liable for an individual defendant's actions based upon a theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818, citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978). A plaintiff that sues a private or public corporation for constitutional violations under § 1983 must establish that a policy or custom of the corporation caused the alleged injury. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998); *Street*, 102 F.3d at 818. The Sixth Circuit has specifically held that, like a municipal corporation, CMS's liability must be premised on some

policy that caused a deprivation of a prisoner's Constitutional rights. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Plaintiff has not pleaded facts demonstrating that actions taken by any individual Defendant, which allegedly caused Plaintiff to be deprived of a constitutional right, were taken pursuant to a CMS policy. Thus, because CMS is not liable under a theory of respondeat superior for the actions of individual Defendants, the claim against CMS will be dismissed.

B. Defendants Dr. George Pramstaller, Jeanne Stephenson, and James Armstrong

Plaintiff alleges that Jeannie Stephenson denied his grievance at Step II, and that Dr. Pramstaller failed to respond to a letter from Plaintiff asking him to intercede on Plaintiff's behalf. Plaintiff makes no specific allegations against James Armstrong, who is the Step III grievance coordinator for the Michigan Department of Corrections. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a right secured by the federal Constitution or laws and (2) that the deprivation was committed by a person acting under color of state law. *West*, 487 U.S. at 48; *Street*, 102 F.3d at 814. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir. 1982)*; Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir.1992) (prison official cannot be held liable under § 1983 where plaintiff failed to show personal involvement of official); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (liability under § 1983 must be predicated upon some showing of direct, active participation in the alleged misconduct). Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that

Defendants Pramstaller, Stephenson, or Armstrong engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### C. Eighth Amendment

Plaintiff claims that Defendants were deliberately indifferent to his serious medical condition. When a prison official's inattention to a prisoner's serious medical need rises to deliberate indifference, such indifference constitutes the "unnecessary and wanton infliction of pain" that is proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1996). Thus, "the Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but *only* that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 20 (1992). A prison official cannot be found liable unless the official knows of and disregards an excessive risk to a prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Therefore, a viable Eighth Amendment claim has an objective component requiring a showing of a serious risk of injury, and a subjective component requiring a showing of deliberate indifference. *Id.*

The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). I assume for purposes of this discussion that Plaintiff's injured finger constituted a serious medical condition. The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835,

but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the

treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d at 860 n.5; *see also*, *Brock v. Crall,* 8 F. App'x. 439, 440 (6th Cir. 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

Plaintiff received timely medical treatment for his injured finger. His finger was examined and x-rayed, and, based upon the findings, he was referred for an orthopedic evaluation. After the evaluation by an orthopedic surgeon, the surgeon ordered and applied a reverse knuckle splint. Plaintiff has merely alleged a difference of opinion between medical personnel regarding whether surgery on his finger is a medical necessity, which does not demonstrate deliberate indifference to his condition. Accordingly, Plaintiff's Eighth Amendment claim will be dismissed.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>November 12, 2008</u>                          <u>/s/ Robert Holmes Bell           </u>
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE